Alton H. Etling, Wooster, for appellees.
Robert Critchfield, Pros. Atty., Wooster, for appellants.

## SCHORLE v BOARD OF EDUCATION OF MILTON TWP SCHOOL DIST
## NEISS v BOARD OF EDUCATION OF SUGARCREEK TWP SCHOOL DIST
## NUSSBAUM v BOARD OF EDUCATION OF SUGARCREEK TWP SCHOOL DIST

Ohio Appeals, 9th Dist, Wayne Co

Nos 951, 952 & 953. Decided April 21, 1937

**OPINION**

By STEVENS, PJ.

The above-captioned cases were submitted and heard together.

In case. No. 951, the board of education of Milton township school district, on the 28th day of July, 1936, passed a resolution permanently suspending school No. 2 in said school district, and, in the other two cases, the board of education of Sugarcreek township school district, on the 18th day of August, 1936, passed resolutions suspending schools No. 1 and No. 7 in said district.

Actions were brought by the respective plaintiffs as taxpayers, seeking mandatory injunctions against the respective school boards requiring them to reopen said schools so ordered suspended, and, upon hearing in the trial court, mandatory injunctions were issued ordering them to continue said schools. Appeals upon questions of law bring the cases before this court for review.

The conclusions of the trial court, as shown by the bills of exceptions, were predicated upon the failure of the school boards to make said closing orders a sufficient time before August 1 to permit 10 days' notice of the suspension of said schools to be given before that date; it being the opinion of the trial court that the provisions of §7730, GC, permitting the filing of a petition with a local board of education between May 1 and August 1 of any year by the parents or guardians of 12 children between the ages of 7 and 15 years of age, living in the district and enrolled in the school, whose residences are nearer to a certain school which has been suspended than to any other school in the district, and asking that such suspended school be reopened, required the board of education to pass its resolution at such time as would permit the giving of the 10 days' notice provided for in said section, so that the final date of said notice would fall on or before August 1 of the year in which the order of suspension of · such school was made. This for the purpose of permitting the parents or guardians of said school children to file a petition to reopen said school and thereby defeat said order of suspension.

It is conceded in each of these cases that the school building in the territory of such suspended school, as it existed prior to the order of suspension, was a suitable school building.

Each of these cases was submitted upon a brief agreed statement of facts, with the request that counsel be permitted to introduce evidence bearing upon the question of abuse of discretion by the school board. Upon the hearing, however, the trial court refused to hear any evidence upon the subject of abuse of discretion, or upon the subjects of fraud or collusion, and disposed of said cases upon the theory that said boards of education had no authority to make such orders of suspension at the time said orders were made.

Sec 7730, GC, has been amended five times since 1914, the last amendment having been in 1921. Neither the original section nor any of the amendments thereto have included any inhibition regarding the time within which a board of education may act for proper cause in suspending a school within its jurisdiction, and our reading of the section as it now exists leads us to the conclusion that the legislature did not intend to place any inhibition upon school boards concerning the time within which they might act in the matter of suspending schools within their jurisdiction. That conclusion is strengthened by the last paragraph of the latter portion of §7730, GC, which provides: "Upon petition * * * the local · board of education shall reopen such school **for the ensuing school year** * * *." (Emphasis ours).

We do not conceive the situation presented by these cases to be one which may properly be disposed of as a matter of law, it being the opinion of this court that a court is not warranted in substituting its judgment for the judgment of a school board upon any question which said board is authorized by law to determine, and, further, that a court has no authority to control the discretion vested in the board of education by the statutes of the state, nor to restrain said board from carrying into effect its determination of any question within its discretion, except for an abuse of that discretion, or for fraud or collusion on the part of such board in the exercise of its statutory authority.

**Brannon v Board of Education, 99 Oh St 369.**

**Board of Education v State ex Brown et, 37 Oh Ap 453, at p. 459 (9 Abs 38).**

It is the judgment of this court that upon the records in these cases, the trial court was without authority to make the orders which it made, and that said orders were erroneously made. The authority of the court to set aside the acts of any of the respective boards of education depended, under the records as they are, upon the existence of an abuse of discretion or fraud or collusion on the part of such board, and the court should have complied with the request of the attorneys to "take testimony" in reference thereto.

The judgments of that court in all three cases, being contrary to law, will be reversed, and the cases remanded for further proceedings according to law.

WASHBURN and DOYLE, JJ, concur in judgment.